IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR., <br> # N-62439, <br><br> Plaintiff, <br><br> vs. <br><br> J. SHEPHERD, DR. DENNIS LARSON, <br> LOUIS SHICKER, and <br> WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 12-cv-1081-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court are multiple motions filed by Plaintiff. Plaintiff was previously ordered to inform the Court by November 6, 2012, if he did not wish to proceed with this severed case (Doc. 7). He has now confirmed that he desires to proceed (Doc. 11).

**Pending Motions (Docs. 3, 4, 10, and 11)**

First, Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 3), which was originally filed on September 12, 2012, in Case No. 12-cv-989-MJR, was filed in this case when it was severed. One of Plaintiff's requests in Doc. 11 is that the Court grant his IFP motion. The IFP motion contains Plaintiff's affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand. However, he has not tendered an updated certified copy of his inmate trust fund account statement. The Clerk has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Menard Correctional Center, in order to determine the amount of Plaintiff's initial partial payment (Doc. 12). Based on Plaintiff's affidavit of indigence, the Court concludes that

he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.  At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court.  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. Plaintiff's motion to proceed IFP in this case (Docs. 3 and 11) is **GRANTED**.  The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Menard Correctional Center.

Next, as determined in the threshold order (Doc. 1) which severed this action from Case No. 12-cv-989-MJR, Plaintiff's motion for temporary restraining order ("TRO") (Doc. 4) deserves prompt consideration.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for TRO (Doc. 4) is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for an evidentiary hearing and issuance of a report and recommendation.  Personal service on the Defendants shall be ordered below.  Judge Williams shall set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of the Defendants' responses to the motion for injunctive relief.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

Plaintiff's motion for status (Doc. 10) is **GRANTED**.  On November 5, 2012, the Court received and docketed both the status motion (Doc. 10) and Plaintiff's eleven-page combined motion (Doc. 11) informing the Court that he wishes to proceed with the instant case, as well as requesting other relief.  Each motion for relief contained in Doc. 11 shall be addressed

below in turn; Doc. 11 shall be **GRANTED IN PART AND DENIED IN PART,** except for the request for appointment of counsel, which shall be held in abeyance and referred to Judge Williams for further consideration**.**

Plaintiff's motion to proceed with the instant case is **GRANTED.** Service on the Defendants shall be ordered below.

The motion for leave to file an amended complaint within 60 days in the instant case is **DENIED**, without prejudice to Plaintiff renewing his request in compliance with Federal Rule of Civil Procedure 15 and Local Rule 15.1. Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Additionally, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." Local Rule 15.1. Because Plaintiff did not tender his proposed amended complaint along with his motion, the Motion for Leave to File Amended Complaint must be denied.

Further, should Plaintiff wish to submit an amended complaint in the future, he is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, a proposed amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with his proposed amended complaint. Service on the Defendants has not yet been made, and shall be ordered below. Thus, the 21-day time limit referenced above has not yet started. If Plaintiff seeks to amend his complaint outside the time frame of Rule 15(a)(1), he must file a motion

seeking leave to amend, accompanied by the proposed amended complaint.

Plaintiff is further **ADVISED** that in the future, he must file a separate motion in each of his pending cases, individually captioned and bearing a single case number, in order to request relief specific to that case. Any future combined motion (such as Doc. 11) that contains various requests for relief in multiple cases, is subject to being stricken from the docket and summarily denied.

Next, Plaintiff requests the Court to order Defendants to cease impeding the exhaustion of his grievances pertaining to this case, and to "fully process/return" them (Doc. 11, p. 2). Similarly, he asks for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Both requests are **DENIED.** Plaintiff shall have the opportunity to present his evidence as to the exhaustion of the grievance process if and when this matter is raised by Defendants.

Plaintiff's final request in Doc. 11 is for the appointment of counsel. This motion shall also be referred to Judge Williams for further consideration.

**Disposition**

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **SHEPHERD, LARSON, SHICKER,** and **WEXFORD HEALTH SOURCES, INC.** The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285 (noting special instructions regarding expedited service in 14 days), a copy of the complaint (Doc. 2), a copy of the motion for TRO (Doc. 4), the Memorandum and Order at Doc. 1, and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this**

**Order**, the United States Marshals Service **SHALL personally serve** upon Defendants **SHEPHERD, LARSON, SHICKER,** and **WEXFORD HEALTH SOURCES, INC.,** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 2), a copy of the motion for TRO (Doc. 4), the Memorandum and Order at Doc. 1, and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for TRO.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the motion for TRO (Doc. 4) and the motion for appointment of counsel contained in Doc. 11.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2012**

    _s/ MICHAEL J. REAGAN
United States District Judge