IN THE SOUTHERN DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLAXTON H. WILLIAMS,** )<br>            Plaintiff        )<br>                                )<br>vs.                         )<br>                                )<br>**J. SHEPHERD, DR. DENNIS LARSON,** )<br>**LOUIS SHICKER, & WEXFORD**    )<br>**HEALTH RESOURCES, INC.,**     )<br>            Defendants.      ) | Case No. 12–cv–1081–MJR–SCW |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This § 1983 civil rights lawsuit is before the Court on a Motion to Dismiss (Doc. 31) filed by Defendant Louis Shicker. The case, which contains claims for both monetary damages and injunctive relief, stems from Plaintiff's allegations that Defendants—officials and a contracted private medical company at Illinois' Menard Correctional Center, where Plaintiff was incarcerated—acted with deliberate indifference to Plaintiff's serious medical needs following a March 2012 stroke.

Before turning to the Motion to Dismiss, the Court must first examine the consequences of the Suggestion of Death on the Record filed by Defendant Shicker pursuant to Federal Rule of Civil Procedure 25(a)(1) (Doc. 92).

### OFFICIAL CAPACITY CLAIMS FOR INJUNCTIVE RELIEF: DISMISSED AS MOOT

In his Complaint, Plaintiff pled for equitable relief in the form of an injunction such that (1) Defendants refer him to an outside specialist and (2) he be transferred to a prison where he can receive physical therapy. Defendants Shicker and Shepherd, respectively the medical directors of the Illinois Department of Corrections and Menard Correctional Center, would have been in position to carry out any potential injunctive relief, and were therefore the proper targets of Plaintiff's official capacity claims. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). But the record

1

indicates that Plaintiff has passed away, and that relief now lies beyond the power of this Court to grant.

When the issues presented are no longer live, a case is moot. *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). And moot cases must be dismissed as non-justiciable. *Stotts*, 230 F.3d at 991. *Accord Fed'n of Adver. Indus. Representatives, Inc. v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003) ("Under Article III of the Constitution, as interpreted by the courts, cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed …"). Accordingly, Plaintiff's official capacity claims for injunctive relief are **DISMISSED** in their entirety.

### SHICKER'S MOTION TO DISMISS: GRANTED

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and arguing that Plaintiff had not claimed he was personally involved in any constitutional tort, Shicker filed the instant motion to dismiss on January 7, 2013. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeot superior liability under section 1983."); *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009) (Section 1983 liability "depends on each defendant's knowledge and actions."). By Court order (and federal and local rule), Plaintiff's brief in opposition to the motion was due February 11, 2013. (Doc. 31).

Even though he actively pursued this case via other motions and notices, Plaintiff failed to meet that deadline. After Shicker's motion was served, and between January 23 and March 27, 2013, Plaintiff filed four motions unrelated to the motion to dismiss (Doc. 54, Doc. 69, Doc. 70, Doc. 73), a notice that his address had changed (Doc. 55), and (on March 12, 2013) participated in a video hearing before Magistrate Judge Williams (Doc. 69). It is clear that Plaintiff failed to meet his deadline despite his ability, during the response time, to do so.

The local rules for the Southern District of Illinois require timely response to a motion to dismiss. **SDIL-LR 7.1(c).** When an adverse party fails "to timely file a response to a motion," the Court "may, in [its] discretion," consider that failure "an admission of the merits of the motion." *Id.* And district courts have broad discretion to enforce—and require strict compliance with—their local rules. *Benuzzi v. Bd. of Educ. of City of Chi.*, **647 F.3d 652, 655 (7th Cir. 2011).** While (if a successor is properly substituted for Plaintiff) it will allow Plaintiff's representative to respond to a more recently filed summary judgment motion (Doc. 88), the Court sees no reason not to exercise its discretion as it pertains to Plaintiff's failure to respond in February. Accordingly, the Court considers Plaintiff's failure to file a timely response to Defendant Shicker's Motion to Dismiss an admission of the merits of that motion.

The Motion to Dismiss (**Doc. 31**) filed by Defendant Shicker is therefore **GRANTED**. *See Whitfield v. Snyder*, **263 F. App'x 518, 521 (7th Cir. 2008) (affirming application of equivalent Central District of Illinois Local Rule in grant of summary judgment);** *Reales v. Consol. Rail Corp.*, **84 F.3d 993, 996 (7th Cir. 1996) (district courts must enforce deadlines).** Plaintiff's remaining claims against Defendant Shicker are **DISMISSED** without prejudice.

## CONCLUSION

Because his claims for injunctive relief are moot, Plaintiff's official capacity claims are **DISMISSED** in their entirety. Defendant Shicker's Motion to Dismiss (Doc. 31) is **GRANTED** (a ruling which renders his Motion for Summary Judgment (**Doc. 85**) **MOOT**). Plaintiff's claims against Shicker are dismissed without prejudice, and the Clerk is **DIRECTED** to terminate Shicker from the docket.

What remain, then, are claims for monetary damages against Defendants Larson, Shepherd, and Wexford Health Sources. Those Defendants have filed a Motion for Summary Judgment (Doc. 88) that remains pending. In light of the Suggestion of Plaintiff's Death, Magistrate Judge Williams

has ordered the Defendants—on or before September 3, 2013—to inform the Court whether mailing service of that suggestion of death sufficiently constitutes personal service, or alternatively to effectuate personal service on Derrell Williams (who the Court presumes is Plaintiff's next of kin). Should Plaintiff's case be taken up by a successor or representative, *see* **FED. R. CIV. P. 25(a)**, that successor will be given an opportunity to respond to the summary judgment motion.

**IT IS SO ORDERED.**

DATE: August 15, 2013

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge